**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SCOTT R. KING,

Plaintiff,

vs.

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

Defendant.

CASE NO. 09cv2420-MMA (POR)

**ORDER RE: REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**

[Doc. No. 20]

**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**

[Doc. No. 13]

**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[Doc. No. 16]

On October 29, 2009, Plaintiff Scott R. King filed this appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of an adverse final decision of the Commissioner of Social Security regarding his Supplemental Security Income benefits. The matter was referred to the assigned magistrate judge for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1.[1]

[1] The responsibility to make a final determination remains with the assigned district judge. *Mathews v. Weber*, 423 U.S. 261 (1976). The district judge is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. 28 U .S.C. § 636(b)(1).

On January 27, 2011, the magistrate judge filed a Report and Recommendation [Doc. No. 20] containing findings and conclusions, upon which she bases her recommendation that the Court grant Plaintiff's motion for summary judgment [Doc. No. 13], deny Defendant's motion for summary judgment [Doc. No. 16], and remand this matter to the Social Security Administration for a recalculation of Plaintiff's benefits. Defendant filed a timely objection [Doc. No. 21] to the Report and Recommendation, and Plaintiff filed a reply [Doc. No. 22]. The Report sets forth in accurate detail the relevant facts and standards of law on this matter, and the Court incorporates such without further recitation.

**DISCUSSION**

Plaintiff is the primary beneficiary of a special needs trust created in 1996 by his mother, now deceased. On more than one occasion, the Social Security Administration has reviewed the trust documents and assessed Plaintiff for overpayment of benefits, or reduced Plaintiff's monthly Supplemental Security Income ("SSI") benefits, based on its classification of the trust disbursements as unearned income. This appeal regards the Administration's most recent review of the trust and the resulting reduction in Plaintiff's SSI benefits. Plaintiff challenges the continuing appropriateness of the reduction in the absence of any unearned income from the trust. Specifically, Plaintiff argues that commencing January 1, 2006, the monthly disbursements he receives from the trust are in fact loans, which he is obligated to repay and thus do not qualify as unearned income. As such, Plaintiff disputes the finding of the Administrative Law Judge ("ALJ") that a *bona fide* loan agreement does not exist between Plaintiff and the trust, disbursements from which provide in-kind support and maintenance to Plaintiff.

A district court may set aside an adverse final decision of the Commissioner if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *See Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. *See id.* at 1098. "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.1992). Here, the Court finds that the evidence before the ALJ reasonably supports his finding that a *bona fide* loan did not exist between Plaintiff and the trust, and as such,

the final decision of the Commissioner should not be disturbed.

As with any form of government assistance, an individual's eligibility for SSI benefits depends in part upon the income of the individual and the value of any resources owned by him or her. *See* 42 U.S.C. § 1382(a), § 1382c(a)(3)(A)-(C); 20 C.F.R. § 416.110 and 416. 1201. However, a loan, whether consisting of cash or an in-kind advance in lieu of cash, is not treated as income for SSI purposes provided the loan is *bona fide*. *See* 20 C.F.R. § 416.1103(f); SSR 92-8p. SSR 92-8p provides a framework for determining when a loan is not considered income and when a loan is considered a countable resource under the SSI program. A *bona fide* loan is "an advance from lender to borrower that the borrower must repay, with or without interest." SSR 92-8p, 2. On the contrary, "[w]hen money or an in-kind advance in lieu of cash is given and accepted based on any understanding other than that it is to be repaid by the receiver, there is no loan involved for SSI purposes." *Id.*, 3. A *bona fide* loan agreement may be oral or written, but must be "recognized as enforceable under State law." *Id.*, 2. These requirements apply to "any commercial or noncommercial loan (between relatives, friends or others) that is recognized as enforceable under State law." *Id.*

The ALJ's decision properly addresses the guidelines set forth in SSR 92-8p. Under those guidelines, evidence must be obtained with respect to the existence of a *bona fide* loan agreement. *See* SSR 92-8p. As the SSI recipient, the burden of proof with respect to the showing of a *bona fide* loan was on Plaintiff. A review of the record indicates that Plaintiff had the opportunity to present adequate evidence of an alleged *bona fide* loan agreement. The ALJ weighed all the evidence and testimony in the record, and concluded that Plaintiff presented insufficient evidence to show that a *bona fide* loan agreement existed between himself and the trust. In justifying this decision, the ALJ wrote:

> In this case, no written agreement has been provided concerning the nature and terms of the loans between the claimant and the trust. Nor were the terms of the loans disclosed orally at the hearing. In fact, there is no evidence in the record concerning the terms of these loans. Nor is it clear from the record how the claimant would repay such loans from the trust based on his limited, fixed income. Rather, it appears that the funds were disbursed to him so that he could pay for his shelter expenses directly to avoid having the funds treated as unearned income in his benefits calculation. Hence, the undersigned finds no evidence to establish the existence of *bona fide* loans.

[AR at 10.] More than a "mere scintilla" of evidence supports the ALJ's decision that the

disbursements from the trust were unearned income, and re-labeling the payments as "loans" was a transparent attempt to maximize Plaintiff's monthly SSI benefits, insufficient to establish a *bona fide* loan. Therefore, the Court respectfully declines to adopt the magistrate judge's recommendation to the contrary.

The ALJ considered conflicting evidence in the form of witness testimony, trust documents, bank account records, and records from Plaintiff's prior dealings with the Social Security Administration. During the administrative hearing, the ALJ heard testimony from the trustee, Plaintiff, and Plaintiff's attorney. The trustee and Plaintiff's attorney advised the ALJ that the trust provides Plaintiff with a $200 loan monthly to assist with certain expenses. The ALJ explicitly references this testimony in his decision. [AR at 16.] The ALJ also considered the record of written correspondence between the Administration and Plaintiff indicating that the Administration had investigated and ultimately rejected the trustee's claim regarding the existence of a loan agreement. For example, by letter dated December 10, 2005, the Administration notified Plaintiff that in order to count the trust disbursements as a loan he would need to produce the original loan documents established prior to the income being distributed. [AR at 107.] The Administration correctly premised this request on the requirement that a *bona fide* loan be established prior to distribution of the subject funds.

As the ALJ noted in his decision, no original loan documents of any kind were ever introduced into the record. In the absence of any such documentation, the ALJ balanced the evidentiary value of Plaintiff's bank account statements showing direct payment of certain expenses, with trust account statements showing a $200 disbursement to Plaintiff each month to assist in the payment of these expenses. It was not error for the ALJ to consider the lack of substantiating loan documentation when reaching his decision. Nor was it incumbent upon the ALJ to request such documentation specifically, when the burden of proof lies with the claimant, and the Administration had given Plaintiff prior notice that such documentation should be submitted in order to establish the existence of a *bona fide* loan.

Conflicts in evidence are for the ALJ to resolve, and where the evidence is susceptible to more than one rational interpretation, the reviewing court may not substitute its judgment or

interpretation of the record for that of the ALJ. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). A review of the evidence and testimony in the record shows that the ALJ's decision is supported. The ALJ weighed the evidence and testimony, and concluded that Plaintiff presented insufficient evidence to show that a *bona fide* loan agreement existed between himself and the trust. The ALJ's decision was properly guided by SSR 92-8p and applicable regulation codes.

**CONCLUSION**

Based on the foregoing, the Court concludes that the final decision of the Commissioner of Social Security is supported by substantial evidence and comports with applicable law. Accordingly, the Court declines to adopt the Report and Recommendation, **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's motion for summary judgment, and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED**.

DATED: February 18, 2011

Hon. Michael M. Anello
United States District Judge